IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHESTER A. STAPLES, | Civ. No. 18-00407 SOM-RLP |
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT |
| BAE SYSTEMS HAWAII SHIPYARDS INC., | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT**

Before the court is Defendant BAE Systems Hawaii Shipyards Inc.'s ("BAE Systems") Motion for Judgment on the Pleadings. ECF No. 6. Plaintiff Chester A. Staples filed his Complaint in state court, asserting claims of employment discrimination. BAE Systems removed this case to this court. ECF No. 1. BAE Systems' Motion argues that Staples' federal claims were untimely because they were not filed within 90 days of Staples' receipt of the Notice of Right to Sue letter from the EEOC. *See* ECF No. 6-1, PageID #s 238-39. At the hearing on January 14, 2019, Staples conceded that he had missed the 90-day deadline for filing his federal claims and that dismissal of those claims was therefore appropriate. Therefore, Staples' federal claims are dismissed.

The court remands the case to state court for a determination of whether Staples' Complaint can be read as

including any state law claims and/or whether Staples may file an Amended Complaint in state court.  In remanding to state court, this court is not suggesting that the Complaint does in fact include any state law claims or that Staples should be given leave to amend.  In fact, this court acknowledged that BAE Systems' argument that no state law claims had been asserted may have merit, but this court declined to exercise supplemental jurisdiction to make any determination on that subject.

The court recognizes that, as an alternative, it has the discretion to exercise supplemental jurisdiction over any state law claims, or to dismiss the Complaint in its entirety. *See* 28 U.S.C. § 1367(a).  If this court dismissed the Complaint and closed this case file, Staples could file a new action asserting state law claims in state court pursuant to 28 U.S.C. § 1367(d), which provides that the limitations period "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  Doing that would likely require Staples to pay the state court filing fee for a second time.  To avoid imposing this expense on this *pro se* plaintiff, the court elects to remand the case.

The Clerk of Court is directed to deliver a certified copy of this order to the Circuit Court of the First Circuit of the State of Hawaii, located at 777 Punchbowl Street, Honolulu,

Hawaii 96813-5093. The Clerk shall reference the state case number of Civil No. 18-1-13499-09 JPC in the transmittal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 14, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Chester A. Staples v. BAE Systems Hawaii Shipyard Inc., Civ. No. 18-00407 SOM-RLP; ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT.