```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| CHESTER A. STAPLES,           ) | Civ. No. 18-00407 SOM-RLP |
| Plaintiff,                    ) | ORDER DENYING DEFENDANT'S |
| vs.                           ) | MOTION FOR RECONSIDERATION OF |
| BAE SYSTEMS HAWAII SHIPYARDS  ) | ORDER REMANDING CASE TO STATE |
| INC.,                         ) | COURT |
| Defendant.                    ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER REMANDING CASE TO STATE COURT**

Before the court is Defendant BAE Systems Hawaii Shipyards Inc.'s ("BAE Systems") motion for reconsideration of this court's order filed on January 14, 2019, brought under Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 60.1(c). ECF No. 18. That order granted BAE System's motion for judgment on the pleadings with respect to federal claims, concluding that Plaintiff Chester A. Staples' claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") were untimely. ECF No. 14, PageID # 269. The order also remanded the case to state court "for a determination of whether Staples' Complaint can be read as including any state law claims and/or whether Staples may file an Amended Complaint in state court." *Id.* at 269-70. For the reasons below, the motion for reconsideration is denied.

BAE Systems' motion for reconsideration argues that the court committed a "manifest error of law" by remanding the case to state court because the court lacked the authority to do so. ECF No. 18, PageID #s 281, 284; *see also* Local Rule 60.1(c) (stating that a motion for reconsideration of an interlocutory order may argue that the order is based on a "[m]anifest error of law or fact"). BAE Systems concedes that a district court may remand a case to state court "when the [district] court dismisses the federal law claims, leaving only state law claims over which the district court has discretion to exercise [supplemental] jurisdiction." *Id.* at 283 (citing *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1998)). However, BAE Systems argues that, because "the Complaint cannot be reasonably read to assert any state law claims," this court should have dismissed Staples' Complaint in its entirety without remanding to state court. *Id.* at 285.

The court did not exceed its remand authority because it is unclear whether Staples' Complaint asserts any viable state law claims. Importantly, Staples is a *pro se* plaintiff. ECF No. 1-2, PageID # 7. The Ninth Circuit has made clear that courts must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The same is true

under Hawaii state law. *Ryan v. Herzog*, 142 Haw. 278, 286, 418 P.3d 619, 627 (2018) ("Pleadings prepared by *pro se* litigants should be interpreted liberally." (quoting *Dupree v. Hiraga*, 121 Haw. 297, 314, 219 P.3d 1084, 1101 (2009)). The Hawaii Supreme Court recently emphasized that *pro se* pleadings "require a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his favor." *Id.* (quoting *Dupree*, 121 Haw. at 314, 219 P.3d at 1101). "This determined effort to understand the pleadings is particularly necessary when a court is dealing with a complaint drawn by a layman unskilled in the law." *Id.* (internal quotation marks and citation omitted).

Staples filed his Complaint in state court on September 21, 2018. ECF No. 1-2, PageID # 7. Though he filed in state court, it appears that he used a federal form complaint provided for *pro se* plaintiffs on the United States Courts' website. *See Complaint for Employment Discrimination*, United States Courts, https://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination (last visited January 30, 2019). In the section titled "Basis for Jurisdiction" in the Complaint, Staples checked off the boxes for Title VII and ADEA and did not write anything in the blank spaces provided for "Other federal law," "Relevant state law," or "Relevant city or county law." *Id.* at 9. However, the Complaint also attached a

3

"Notice of Dismissal and Right to Sue" letter from the Hawaii Civil Rights Commission dated June 25, 2018, which stated that Staples had 90 days to file a private lawsuit in state court. *See id.* at 15. Thus, it is entirely possible that Staples intended to assert timely state law claims but used a federal *pro se* form by mistake.

In construing the Complaint liberally, a state court may therefore determine that Staples attempted to assert state law claims and/or allow him to file an Amended Complaint. As such, this court was permitted to decline to exercise supplemental jurisdiction over these state law determinations and to instead remand the case to state court. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction"); *Cohill*, 484 U.S. at 351 (stating that a district court has discretion to remand a case to "best accommodate the values of economy, convenience, fairness, and comity").

As stated in the order, and as discussed at the hearing on BAE System's motion for judgment on the pleadings, the court hoped to avoid imposing additional filing fees on Staples. ECF No. 14, PageID # 270. If this court dismissed the Complaint and closed the case file, Staples could file a new

4

action asserting state law claims in state court, but would likely be required to pay the state court filing fee a second time. *Id.* In the interest of fairness to a *pro se* plaintiff, the court elected to remand the case.

Concluding that the order contained no manifest error of law, this court denies BAE System's motion for reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 30, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Chester A. Staples v. BAE Systems Hawaii Shipyard Inc., Civ. No. 18-00407 SOM-RLP; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER REMANDING CASE TO STATE COURT.